The Honorable Roger L. Rorie State Representative P.O. Box 136 Fox, AR 72051-0136
Dear Representative Rorie:
This is in response to your request for an opinion regarding A.C.A. § 7-1-103 (Supp. 1991). You state that a deputy prosecuting attorney actively campaigned from his office handing out campaign materials for his superior. You have asked me to reference Section 7-1-103(2)(A) and (3) in this regard.
I assume that the deputy prosecuting attorney's superior (the prosecuting attorney) was a candidate for nomination to office. Subsection (3) of § 7-1-103 states:
 It shall be unlawful for any public officer, deputy, or assistant who may be a candidate for nomination to any office, or who may be a candidate for any office to be voted for at any election, to use any office or room furnished at public expense for his political headquarters or to send out or distribute any letters, circulars, or other campaign literature from a public office or room.
This provision is directed at the activity of the candidate for office. A fact question may arise as to whether the candidate in this instance was sending out or distributing campaign literature from a public office or room by virtue of the activity of the deputy prosecuting attorney. A factual inquiry of this nature is not properly within the scope of an Attorney General opinion. A determination in this regard would involve a detailed factual analysis of the particular circumstances in question.
Subsection (2)(A) of § 7-1-103 states:
 It shall be unlawful for any public officer, deputy, or assistant to devote any time or labor during usual office hours toward the campaign of any other candidate for office or for the nomination to any office.
If the described activity in this instance occurred during usual office hours, it is my opinion that a violation of A.C.A. §7-1-103(2)(A) may be found. It should be noted, however, that a difficult factual question may arise in some instances with regard to the "usual office hours" of a deputy prosecuting attorney who works on a part-time basis for the state. It is impossible to provide an opinion that will offer clear guidance on this issue. The question arises: When is this person on state time? No guidance is provided in the statutes. Reference should perhaps be made to any local ordinances in this regard. While there may be instances where the statutory prohibition is applicable, I cannot, in an opinion, address all of the potential facutal scenarios. This calls for a case-by-case determination, with a view to the inevitable practical difficulties of enforcement.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh